```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION

IN RE:
FUNDAMENTAL LONG TERM CARE, INC.,

        Debtor.
_____/

ESTATE OF ARLENE TOWNSEND,
ESTATE OF ELVIRA NUNZIATA,
ESTATE OF JAMES HENRY JONES,
ESTATE OF JOSEPH WEBB,
ESTATE OF OPAL LEE SASSER,
and ESTATE OF JUANITA JACKSON,

        Appellants,
                            Case No.    8:20-cv-956-T-33
v.                          Bankr. No.  8:11-bk-22258-MGW

SHUMAKER, LOOP & KENDRICK, LLP,

        Appellee.
_____/
```

## ORDER

This cause is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellants, Estate of Arlene Townsend, Estate of Elvira Nunziata, Estate of James Henry Jones, Estate of Joseph Webb, Estate of Opal Lee Sasser, and Estate of Juanita Jackson (the Estates), are probate estates of six deceased nursing home residents and are creditors of Debtor, Fundamental Long Term Care, Inc. In the context of Fundamental's Chapter 7 bankruptcy proceeding, the Estates seek review of the

Bankruptcy Court's Order on Remand from Appeal of Order on the Motion to Disqualify Steven M. Berman, Esquire and Shumaker, Loop & Kendrick, LLP (Shumaker) as Counsel to the Chapter 7 Trustee Nunc Pro Tunc and for Disgorgement of Compensation (Remand Order). (Doc. # 22-37). The appeal is fully briefed[1] (Doc. ## 21, 29, 34) and ripe for review. For the reasons that follow, the Court affirms the Bankruptcy Court's Remand Order.

## I.   **Background**

This Court has previously summarized the complex factual history underlying this litigation, which has been ongoing for over a decade. In re Fundamental Long Term Care, Inc., No. 8:19-cv-2176-T-33, 2020 WL 954982 (M.D. Fla. Feb. 27, 2020). Suffice it to say, beginning in 2004, the Estates filed several wrongful death actions against Trans Health Care, Inc. (THI) and Trans Health Management, Inc. (THMI), companies tied to a vast nursing home network. Id. The suits collectively resulted in $1 billion in empty-chair judgments. In re Fundamental Long Term Care, Inc., 873 F.3d 1325, 1329

---

[1] The Court declines the Appellants' request for oral argument. (Doc. # 21 at 9). As noted in this Court's prior order, the issues have been competently and extensively briefed by both sides and the Court is familiar with the history of the case.

2

(11th Cir. 2017). This Chapter 7 involuntary bankruptcy case followed.

Shumaker was employed in the bankruptcy case as special litigation counsel to the Chapter 7 trustee pursuant to 11 U.S.C. § 327(a). (Doc. # 22-37 at 4). Two years after Shumaker withdrew from representing the trustee, the Estates filed a Motion to Disqualify Steven M. Berman and Shumaker as Counsel to the Chapter 7 Trustee Nunc Pro Tunc and for Disgorgement of Compensation (Motion to Disqualify). (Doc. # 14-408).

In the Motion to Disqualify, the Estates argued that Shumaker had a long-standing relationship with Healthcare REIT, Inc. n/k/a Welltower, Inc. (HCN), a real estate investment trust. (Id. at 3). At the time of the bankruptcy proceedings, Shumaker had acted as HCN's general counsel for over thirty years. (Id.).

HCN owned and leased the real property to some of the nursing homes involved in the wrongful death actions. Specifically, HNC had connections to THI, THMI, and the related company THI Holdings, all of which were litigation targets in the underlying bankruptcy proceedings. In re Fundamental Long Term Care, Inc., 2020 WL 954982, at *5. HCN also had connections with Lyric Health Care, LLC and Lyric Health Care Holdings III, Inc. (collectively, Lyric) and

3

Health Quality Management, Inc. (HQM), which operated the nursing homes where some of the deceased residents lived. <u>Id.</u>

The Estates argued that (1) these connections constituted representations of adverse interests, disqualifying Shumaker under Section 327(a), and (2) Shumaker violated Rule 2014 by failing to disclose these connections in its initial declaration of disinterestedness. (Doc. # 14-408).

The Bankruptcy Court denied the Motion to Disqualify (Disqualification Order) on August 21, 2019, finding that Shumaker did not possess a disqualifying interest under Section 327(a) and that Shumaker's omissions in the initial disclosures did not violate Rule 2014. <u>In re Fundamental Long Term Care, Inc.</u>, 605 B.R. 249 (Bankr. M.D. Fla. 2019), <u>aff'd in part, vacated in part, remanded</u>, No. 8:19-cv-2176-T-33, 2020 WL 954982 (M.D. Fla. Feb. 27, 2020). The Estates appealed the decision.

On appeal, this Court adopted and affirmed the Disqualification Order "in all respects except to the extent the Bankruptcy Court found no violation of the disclosure requirements of Rule 2014." <u>In re Fundamental Long Term Care, Inc.</u>, 2020 WL 954982, at *13. This Court held that the Bankruptcy Court, as fact-finder, did not err in the

4

conclusion there was no "intentional, knowing failure to disclose by Shumaker of [potential conflicts]." Id. at *12. But the Disqualification Order was silent as to whether the Bankruptcy Court considered the possibility of a negligent or inadvertent nondisclosure. Id.

"Courts in this Circuit and others have traditionally recognized that an '[i]nadvertent, unintentional or negligent failure to disclose does not vitiate the violation of the Rule.'" Id. Accordingly, this Court vacated the Bankruptcy Court's ruling that there was no Rule 2014 disclosure violation and remanded the matter to the Bankruptcy Court to determine, in the first instance, if there was an unintentional, negligent and/or inadvertent nondisclosure by Shumaker. Id. at * 13. Additionally, the Court held that if the Bankruptcy Court determined a Rule 2014 violation occurred, to then determine whether and what type of sanction was warranted. Id.

On remand, the Bankruptcy Court found that Shumaker "inadvertently and non-negligently failed to disclose all of its connections with the Debtor, creditors, or other interested parties in this case," but that no sanction was warranted. (Doc. # 22-37 at 3).

5

The Estates appeal this finding, arguing that the Bankruptcy Court abused its discretion by (1) denying the Estates the opportunity to conduct discovery on remand, and (2) determining on remand that Shumaker's violations were inadvertent and non-negligent. (Doc. # 21).

## II. <u>Standard of Review</u>

The District Court functions as an appellate court in reviewing decisions of the Bankruptcy Court. <u>In re Colortex Indus., Inc.</u>, 19 F.3d 1371, 1374 (11th Cir. 1994). "A bankruptcy court's ruling about the employment of counsel is reviewed for abuse of discretion." <u>Forizs & Dogali, P.A. v. Siegel</u>, No. 8:12-cv-253-T-23, 2012 WL 4356266, at *2 (M.D. Fla. Sept. 24, 2012) (citing <u>Blumenthal v. Myers</u>, 426 B.R. 796, 799 (B.A.P. 8th Cir. 2010). This Court reviews the Bankruptcy Court's legal conclusions *de novo* but must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. <u>Rush v. JLJ Inc. (In re JLJ Inc.)</u>, 988 F.2d 1112, 1116 (11th Cir. 1993).

The District Court reviews a bankruptcy order pertaining to attorney's fees for abuse of discretion. <u>Matter of U.S. Golf Corp.</u>, 639 F.2d 1197 (5th Cir. 1981). Similarly, a bankruptcy court's order on disgorgement and/or sanctions is reviewed for abuse of discretion. <u>In re Stewart</u>, 600 B.R.

425, 431 (B.A.P. 10th Cir. 2019) (citing Jensen v. U.S. Tr. (In re Smitty's Truck Stop, Inc., 210 B.R. 844, 846 (10th Cir. BAP 1997)). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination or bases an award upon findings of fact that are clearly erroneous." In re Prince, 40 F.3d 356, 359 (11th Cir. 1994) (internal quotations and citations omitted).

III. **Analysis**

On appeal, the Estates raise two alleged errors they claim merit reversal. First, the Estates contend the Bankruptcy Court failed to follow proper procedures by denying the Estates the opportunity to conduct discovery on remand and declining to hold an evidentiary hearing. (Doc. # 21 at 10). Second, the Estates argue that the Bankruptcy Court applied the incorrect legal standard in concluding that Shumaker's omission was non-negligent. (Id.). The Court addresses each argument in turn.

A.     **The Bankruptcy Court Followed Proper Procedures**

1.     **Discovery**

The Estates argue the Bankruptcy Court abused its discretion by denying the opportunity to conduct discovery on remand. (Id. at 34).

This Court previously held that the Bankruptcy Court had a sufficient record to conclude there was no intentional violation of Rule 2014. In re Fundamental Long Term Care, Inc., 2020 WL 954982, at *11. But the Estates point out that, on remand, the Bankruptcy Court was tasked with determining if there was an unintentional, negligent, or inadvertent nondisclosure. (Doc. # 21 at 35). According to the Estates, this inquiry was "very different from the one that previously confronted the Bankruptcy Court," and the record was insufficient for the Bankruptcy Court to rule on the issue of negligence. Therefore, according to the Estates, the decision not to reopen discovery constituted an abuse of discretion.

Courts review issues regarding the scope of and opportunity for discovery for abuse of discretion. In re Piper Aircraft Corp., 362 F.3d 736, 738 (11th Cir. 2004). Federal Rule of Civil Procedure 26(b)(1) states that "[u]nless otherwise limited by court order," a court has the discretion to limit discovery. Bankruptcy Rule 9014(c) contains a similar rule that applies to "contested matters." In re Tollefson, No. BR 13-24681 TBM, 2015 WL 3897533, at *8 (Bankr. D. Colo. May 13, 2015).

The Bankruptcy Court did not err in limiting discovery on remand. The underlying litigation spans years, and the

Bankruptcy Court is intimately familiar with the factual and procedural history of the case. Discovery was voluminous, as evidenced by the Estate's thirty-seven-page Motion to Disqualify and thirty-four attached exhibits, consisting of hundreds of pages. (Doc. # 14-408). Shumaker's response also exceeded thirty pages and contained nineteen attached exhibits. (Doc. # 14-453).

A negligence inquiry may differ from an intentionality inquiry, but these filings indicate the parties extensively briefed all facets of disqualification. The record provided the Bankruptcy Court with a thorough history of Shumaker's relationship with HCN, including the nature of previous legal representations, the precise legal tasks Shumaker performed for HCN, and how HCN affected Shumaker's conflict checks. (Doc. # 22-37 at 14-17). The record likewise contained detailed information on Shumaker's interactions with Lyric and HQM, and how those entities appeared in the conflict system. (Id.). The Bankruptcy Court was well within its discretion to base its decision on this information and to limit discovery it deemed unnecessary.

## 2. <u>Hearing</u>

Likewise, the Court finds there was no error in the Bankruptcy Court's decision not to hold an evidentiary

hearing. The Estates contend that "[u]nder the plain language of Bankruptcy Rule of Procedure 9014(c)," the Estates were entitled to an evidentiary hearing on the material factual disputes surrounding Shumaker's failure to disclose its connections. (Doc. # 34 at 18).

A district court reviews for abuse of discretion a bankruptcy court's decision not to conduct an evidentiary hearing. Deutsche Bank Nat'l Tr. Co. v. Jackson, Case No. 9:15-cv-81506-RLR, 2016 WL 5390594, at *6 (S.D. Fla. Sept. 27, 2016) (citation omitted). "The U.S. Bankruptcy Code defines the phrase 'after notice and a hearing' and similar phrases as requiring such notice and hearings as are appropriate under the particular circumstances. 11 U.S.C. § 102(1)(A). These terms permit flexibility regarding the occasions in which a full hearing is required, while [e]nsuring that all persons who should have notice receive it." Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV, 347 F.3d 589, 594 (5th Cir. 2003) (citing Collier on Bankruptcy, (15th ed.) ¶ 102.02).

Accordingly, a bankruptcy judge "does not abuse her discretion in reaching a decision without holding an evidentiary hearing where the record provided ample evidence on which the court could make such a decision." In re Garcia,

532 B.R. 173, 182 (B.A.P. 1st Cir. 2015) (citing <u>Rockstone Capital LLC v. Metal</u>, 508 B.R. 552, 559 (E.D.N.Y. 2014). Indeed, "it is unnecessary to conduct an evidentiary hearing on a contested matter unless there are disputed issues of material fact that a Bankruptcy Court cannot decide based on the record." <u>In re AMR Corp.</u>, 490 B.R. 470, 479 (S.D.N.Y. 2013).

Here, a formal evidentiary hearing was not warranted. The parties' extensive filings provided ample evidence from which the Bankruptcy Court could make a decision. The Bankruptcy Court did not abuse its discretion by ruling on these filings, rather than holding a formal evidentiary hearing.

**B.   <u>Finding the Disclosure to be Non-Negligent</u>**

**1.   <u>Legal Standard</u>**

Federal Rule of Bankruptcy Procedure 2014 requires any professional applying for employment to set forth in "a verified statement . . . the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. P. 2014(a). An applicant must disclose all connections regardless of whether they give rise

11

to a disqualifying interest under Section 327(a). <u>In re Gulf Coast Orthopedic Ctr.</u>, 265 B.R. 318, 323 (Bankr. M.D. Fla. 2001). An "[i]nadvertent, unintentional or negligent failure to disclose does not vitiate the violation of the Rule." <u>Id.</u>

On remand, this Court charged the Bankruptcy Court with evaluating Shumaker's failure to disclose its connections to HCN, Lyric, and HQM "under a negligence lens" to determine whether Shumaker made an unintentional, negligent, and/or inadvertent nondisclosure. <u>In re Fundamental Long Term Care, Inc.</u>, 2020 WL 954982, at *12-*13.

The Bankruptcy Court noted that "[c]ase authority does not explain what constitutes a 'negligent' nondisclosure for purposes of Rule 2014." (Doc. # 22-37 at 13). Therefore, the Bankruptcy Court equated a negligent omission under Rule 2014 to a negligent misrepresentation under Florida law. Under this standard, "a misrepresentation is negligent under Florida law if the representor 'should have known the representation was false.'" (<u>Id.</u>).

The Estates argue that use of this standard was an abuse of discretion because the Court instructed the Bankruptcy Court to determine whether Shumaker's omissions were negligent, not whether Shumaker made a negligent misrepresentation under Florida law. (Doc. # 21 at 42-43).

According to the Estates, Shumaker had an affirmative duty to disclose any relevant connections, therefore the correct analysis should have been one of reasonableness. By "erroneously appl[ying] the elements of the fraud-based tort of negligent misrepresentation," rather than conducting a reasonableness analysis, the Estates claim the Bankruptcy Court abused its discretion. (Id. at 38).

As an initial matter, the Court disagrees with the Estates' characterization of the Bankruptcy Court's opinion. The Estates argue that the Bankruptcy Court focused "almost entirely on [Shumaker's] asserted lack of knowledge," but Shumaker's "purported lack of its undisclosed connections is not determinative to a negligence analysis." (Id. at 43). Therefore, according to the Estates, the Bankruptcy Court used an incorrect legal standard because it "never analyzed the reasonableness of [Shumaker's] asserted lack of knowledge under the circumstances." (Id. at 44).

But the Bankruptcy Court specifically examined the circumstances under which Shumaker failed to disclose its connections. (Doc. # 22-37 at 16-17). In concluding that the omission was not the result of negligence, the Bankruptcy Court not only considered what Shumaker purportedly knew through its conflict check system, but also noted that (1)

13

Shumaker never represented HCN in any pre-bankruptcy litigation involving the Estates, (2) HCN never surfaced as a target in the bankruptcy action despite exhaustive discovery on potential targets, and (3) Shumaker never represented Lyric or HQM, but only dealt with them in an adverse posture as counsel for their landlords. (Id.).

Based on Shumaker's purported knowledge at the time of the omissions, **and** these surrounding circumstances, the Bankruptcy Court held that the omissions were not made under circumstances in which Shumaker "should have known of the requirement to disclose." (Id.). Therefore, the Court disagrees with the Estates' contention that the Bankruptcy Court entirely eschewed the issue of reasonableness. The Bankruptcy Court considered the circumstances in which the omission was made and concluded that under the circumstances, the omission was "not the result of negligence." (Id.).

The Court disagrees that the use of a negligent misrepresentation standard constituted an abuse of discretion. As noted by the Bankruptcy Court, no case law explains what constitutes a negligent nondisclosure under Rule 2014. (Doc. # 22-37 at 13). Even the Estates' cited case law states that there is "no clear definition of [the term negligence] in the context of discovery misconduct." (Doc. #

14

21 at 43 n. 5). Therefore, the Court cannot say that the Bankruptcy Court used a clearly incorrect legal standard in evaluating Shumaker's omissions as negligent misrepresentations.

Rather, the Court finds that the Bankruptcy Court's use of a negligent misrepresentation standard was consistent with the instructions it was given on remand. This Court directed the Bankruptcy Court to examine whether there was an "unintentional, negligent and/or inadvertent nondisclosure by Shumaker." In re Fundamental Long Term Care, Inc., 2020 WL 954982, at *13. By definition, failing to disclose all relevant connections would be a negligent misrepresentation by omission. Therefore, the Court cannot say that the Bankruptcy Court erred in evaluating Shumaker's omission under a negligent misrepresentation standard.

Additionally, the Court agrees with Shumaker that the use of the negligent misrepresentation legal standard is consistent with the purpose of Rule 2014. Rule 2014 requires an applicant to "state the specific facts showing . . . to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office

15

of the United States trustee." Fed. R. Bankr. P. 2014(a).
Courts have held that this rule does not require attorneys to
raise "every conceivable interpretation of its connections
and possible consequence resulting from the connections, as
well as a prediction of the outcome of any litigation that
may result from, or be related to, the referenced connection."
In re Enron Corp., No. 01-16034(AJG), 2002 WL 32034346, at *5
(Bankr. S.D.N.Y. May 23, 2002), aff'd, No. 02 CIV. 5638 (BSJ),
2003 WL 223455 (S.D.N.Y. Feb. 3, 2003).

Indeed, Rule 2014 should not prove so "impossible [a]
task" as to subject attorneys to "endless litigation over
what would be enough." Id. Instead, the purpose is to disclose
all relevant connections "so as to subject potentially
adverse interests to review before employment is approved."
In re Baron's Stores, Inc., No. 97-25645-BKC-PGH, 2007 WL
1120296, at *13 (Bankr. S.D. Fla. Apr. 12, 2007), aff'd, No.
07-60770-CIV, 2008 WL 11399692 (S.D. Fla. Jan. 7, 2008),
aff'd, 307 F. App'x 396 (11th Cir. 2009) (internal citations
omitted).

Examining Shumaker's omission under a negligent
misrepresentation standard (that is, whether Shumaker omitted
the connections under circumstances in which it "ought to
have known of its falsity") is consistent with this purpose.

16

Therefore, the Bankruptcy Court's reliance on this standard was not an abuse of discretion.

### 2.  **Findings as a Matter of Law**

Additionally, the Estates argue the facts show that Shumaker negligently failed to disclose its connections. (Doc. # 21 at 47). Specifically, the Estates cite Shumaker's long-standing representation of HCN, which included preparing the master lease agreement between HCN and Lyric, responding to interrogatories and preparing an affidavit seeking summary judgment on behalf of HCN in the Townsend Estate's state-court lawsuit, representing HCN in the 2006 transaction with THI Enterprise, negotiating a landlord waiver between HCN and THI, and representing HCN in connection to the 2008 sale of THI's remaining assets. (Doc. # 34 at 14-15). The Estates also point out that Shumaker was paid fees by Lyric and HQM, completed litigation work for HQM, and worked on the licensing for Lyric-affiliated nursing homes. (Doc. # 21 at 47).

Shumaker reiterates that (1) HCN was not a party to any lawsuit brought by the Estates at the time the bankruptcy case was filed, nor was HCN ever a target of the bankruptcy litigation, (2) Lyric was never a client of Shumaker, nor was it a target of any bankruptcy litigation, and (3) Shumaker

never represented HQM or had it as a client, nor was it a target in the bankruptcy litigation. (Doc. # 29 at 29-30).

Based on this information, the Bankruptcy Court found that there was no evidence showing Shumaker disregarded any red flags that should have alerted it to the connections, or that the conflict system was inherently flawed, or that Shumaker maintained the conflict system in a manner that reflects poor intra-firm communication and data input. (Doc. # 22-37 at 17-18). Accordingly, the Bankruptcy Court found that the failure to disclose the connections did not occur under circumstances in which Shumaker should have known of the requirement to disclose. Instead, Shumaker, under the circumstances, could not have known that its remote connections were subject to disclosure, therefore the omission was not negligent. (Id.).

It is not this Court's role to make factual findings or draw inferences from the facts. See In re Cornelison, 901 F.2d 1073, 1075 (11th Cir. 1990) (district court which functions in an appellate capacity in a bankruptcy appeal may not make independent factual findings). Here, the Bankruptcy Court, as fact-finder, did not err in concluding that Shumaker's omission was non-negligent and inadvertent. This

Court cannot say that the Bankruptcy Court's factual findings in this regard were clearly erroneous.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Bankruptcy Court's April 16, 2020, Order on Remand from Appeal of Order Denying the Motion to Disqualify Steven M. Berman, Esquire and Shumaker, Loop & Kendrick, LLP as Counsel to the Chapter 7 Trustee Nunc Pro Tunc and for Disgorgement of Compensation (Doc. # 2277) is **AFFIRMED.** The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of January, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE